## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES ROBERT BLANCHARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-858-G** |
| | ) | |
| **DERRICK YAZEL, Warden,** | ) | |
| | ) | |
| **Respondent.[1]** | ) | |

## <u>ORDER</u>

Petitioner James Robert Blanchard, a state prisoner appearing pro se, initiated this action on August 29, 2022,[2] seeking federal habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.  Now at issue is Judge Mitchell's Report and Recommendation ("R. & R.," Doc. No. 23).  On July 17, 2023, Petitioner filed a timely Objection[3] to the R. & R. (Doc. No. 25).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*,

---

[1] The warden of Petitioner's correctional facility is hereby substituted as Respondent.  *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

[2] "The petition is deemed 'filed' when the petitioner gives it to prison authorities for mailing." *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).  Accordingly, the Court deems this action filed on August 29, 2022, as the pleading is postmarked for that date. *See* Pet. (Doc. No. 1) at 9.

[3] Although this filing is titled "Motion," the Court liberally construes this filing as an objection to the R. & R.

73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Having conducted this de novo review, the Court finds as follows.

      I.      *The Report and Recommendation*

The factual and procedural background is accurately summarized in Judge Mitchell's R. & R.  In his Amended Petition, Petitioner seeks habeas relief under 28 U.S.C. § 2254 from his state-court criminal conviction and sentence, alleging "unconstitutional detention," ineffective assistance of counsel, and that he was "illegally sentenced & charged" in violation of his rights under the Fifth Amendment to the United States Constitution.  Am. Pet. (Doc. No. 16) at 5-8.

As noted by Judge Mitchell, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  This limitation period generally runs from the date on which the state-court judgment becomes "final" under § 2244(d)(1)(A).  *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

On May 14, 2021, Petitioner pled no contest to one count of Possession of a Firearm After Former Felony Conviction in the District Court of Garfield County, Oklahoma, and received a 20-year suspended sentence.  *See* Am. Pet. at 1; *State v. Blanchard*, No. CF-2020-204 (Garfield Cnty. Dist. Ct.).[4]  Petitioner did not move to withdraw his plea and did not otherwise pursue an appeal of his conviction and sentence to the Oklahoma Court of

---

[4] The state-court docket is publicly available at https://www.oscn.net.

Criminal Appeals ("OCCA").  *See* Am. Pet. at 2; *Blanchard*, No. CF-2020-204.  The State

of Oklahoma filed an application to revoke Petitioner's suspended sentence on June 15,

2021.  *See* R. & R. at 3; *Blanchard*, No. CF-2020-204.   On June 25, 2021, Petitioner

stipulated to the State's application and the Garfield County District Court revoked ten

years of his suspended sentence, to be served in the custody of the Oklahoma Department

of Corrections, with the balance of the sentence to remain suspended.[5]  R. & R. at 3;

*Blanchard*, No. CF-2020-204.

      Because Petitioner did not move to withdraw his plea or otherwise seek relief within

10 days of the pronouncement of the judgment and sentence, Judge Mitchell calculated that

Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on May 24, 2021.

*See* Okla. Stat. tit. 22, ch. 18 app. ("OCCA Rules") 1.5, 4.2(A); Okla. Stat. tit. 12, §

2006(A)(1); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).   Consequently,

Petitioner's one-year AEDPA statute of limitations began to run the following day, and,

absent any tolling, expired on or about May 25, 2022.  *See* 28 U.S.C. § 2244(d)(1)(A);

*United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).

      Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under

this subsection."  28 U.S.C. § 2244(d)(2).  Judge Mitchell further found that equitable

tolling did not apply but concluded that Petitioner was entitled to some statutory tolling

---

[5]  Petitioner did not directly appeal the partial revocation of his suspended sentence to the
OCCA.  *See* R. & R. at 4; *Blanchard*, No. CF-2020-204.

under § 2244(d)(2).  *See* R. & R. at 10-13.  Petitioner filed an application for postconviction relief in the Garfield County case on January 21, 2022, pausing his limitations period after 241 days had expired.  *See* R. & R. at 10; *Blanchard*, No. CF-2020-204.  The Garfield County District Court denied the application on January 24, 2022.  *See Blanchard*, No. CF-2020-204.  Petitioner then had until February 12, 2022, to appeal the denial of his application for postconviction relief to the OCCA, but he did not timely do so.  *See* OCCA R. 5.2(C)(1).  Accordingly, Judge Mitchell found that Petitioner was entitled to statutory tolling from the time he filed his application for postconviction relief to the expiration of his time to appeal the Garfield County District Court's denial of that application.  *See* R. & R. at 10; 28 U.S.C. § 2244(d)(2); *see also Christensen v. Harpe*, No. 22-6052, 2023 WL 8890506, at *6 (10th Cir. Dec. 26, 2023) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." (emphasis and internal quotation marks omitted)).

The R. & R. ultimately concluded that, adjusted for statutory tolling, Petitioner's deadline to file his federal habeas corpus petition was June 20, 2022.  *See* R. & R. at 10.  And because the original Petition was not filed until August 29, 2022, Judge Mitchell recommended that this action should be dismissed as untimely.  *See id.* at 10, 14.

## II. *Petitioner's Objection*

In his Objection, Petitioner largely reasserts the merits of his claims for habeas relief rather than addressing the procedural issues identified in Judge Mitchell's R. & R.

Petitioner does, however, argue that statutory and equitable tolling apply.  *See* Pet'r's Obj. (Doc. No. 25) at 2, 11, 20-21, 28-29.

Liberally construed, the Objection asserts that statutory tolling applies because Plaintiff filed an application for postconviction relief in the Garfield County District Court case in January of 2022. *See id.* at 2.[6]  As discussed above, Judge Mitchell properly applied statutory tolling to the period between the filing of Petitioner's application for postconviction relief and the expiration of his deadline to appeal the Garfield County District Court's denial of his application.  This action is still untimely by over a month. *See* R. & R. at 10.[7]

Petitioner also argues that he is entitled to equitable tolling, making reference to "a diligent pursuit of rights."  Pet'r's Obj. at 20-21.  The AEDPA filing deadline may only be equitably tolled in "extraordinary circumstances."  *Clark*, 468 F.3d at 714.  To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim."  *Id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[R]easons for equitable tolling" include "uncontrollable circumstances" that "prevent[ed] a petitioner's filing, despite his diligent efforts, or the petitioner's filing of a

---

[6] Petitioner also references a § 2254 action filed on April 26, 2023, in relation to his argument regarding statutory tolling, *see* Pet'r's Obj. at 21; *Blanchard v. State*, No. CIV-23-346-D.  This action was terminated by the Court as duplicative of the instant case and, in any event, would not serve as a basis for statutory tolling.  *See Clark*, 468 F.3d at 714.

[7] The state-court docket reflects that Petitioner has filed four additional applications for postconviction relief in the Garfield County District Court since March 29, 2023.  *See Blanchard*, No. CF-2020-204.  None of these applications affects AEDPA's statute of limitations for this action, as none was filed prior to June 20, 2022.  *See Clark*, 468 F.3d at 714.

defective petition, despite his active pursuit of judicial remedies." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010).

Petitioner states in his Objection that his attorney did not withdraw his no-contest plea as Petitioner directed. *See* Pet'r's Obj. at 10. In the R. & R., Judge Mitchell explains why Petitioner is not entitled to equitable tolling on this basis:

> [T]here is no evidence that Petitioner's attorney abandonment claim is true. He states he made his withdrawal request to his attorney from jail. [*See* Am. Pet. at 2, 8.] But the record shows he was released from jail after the state district court convicted him after his plea and granted him a fully suspended sentence. *See* [*Blanchard*, No. CF-2020-204] (docket entry dated May 18, 2021 (noting "universal release" on all pending cases); *see also* [Doc. No. 17-1] at 16-17. Thus, he cannot show some extraordinary circumstance like attorney abandonment prevented him from appealing his predicate conviction or sentence. *See, e.g.*, *Washington v. Dowling*, 793 F. App'x 667, 670 (10th Cir. 2019) ("Mr. Washington has not made sufficient factual allegations to support his abandonment argument."). Petitioner also fails to establish the diligent pursuit of his rights as he waited over eight months after his conviction was final to seek post-conviction relief in the state district court. *See id.* at 671 (holding that the petitioner had not demonstrated "he pursued his rights diligently" by waiting ten months to seek an appeal out of time in state court).

R. & R. at 12-13 (footnote omitted). Accordingly, for the reasons articulated above and in the absence of authority from Petitioner to the contrary, the Court agrees with the R. & R. that Petitioner has failed to show that equitable tolling applies to his petition.

Because Petitioner did not move to withdraw his plea or otherwise seek relief within 10 days of the pronouncement of the judgment and sentence, his conviction became final on or about May 24, 2021. *See* R. & R. at 9. Consequently, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day and, applying statutory tolling as outlined above, expired on or about June 20, 2022. *See*

*id.* at 10; *see also* 28 U.S.C. § 2244(d)(2); *Hurst*, 322 F.3d at 1260.  Petitioner's August 29, 2022 habeas action is therefore untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

      III.     *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon

consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation (Doc. No. 23) in its entirety.  The Amended Petition for Writ of Habeas Corpus (Doc. No. 16) is DISMISSED as untimely.

It is further ORDERED that a certificate of appealability is DENIED.  A separate judgment shall be entered.

IT IS SO ORDERED this 4th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge